UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| AGXPLORE INTERNATIONAL, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:12-cv-16 SNLJ |
| ) | |
| MARK SHELLEY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Plaintiff Agxplore International, LLC filed this action against defendant Mark Shelley alleging that Shelley misused Agxplore's confidential information and trademarks to compete unfairly with Agxplore. Plaintiff served a subpoena duces tecum on non-party AT&T Mobility seeking phone records for another non-party, Keith Snider. Keith Snider filed the instant Motion to Quash (#19) on June 29, 2012.

Mr. Snider is not mentioned in the complaint. In its response memorandum, Agxplore explains that it has reason to believe that Mr. Snider assisted the defendant in unfairly competing with Agxplore and improperly soliciting Agxplore's customers and suppliers. Agxplore believes that Mr. Snider's cell phone records will assist in proving those facts. Agxplore has offered to limit the time period of Mr. Snider's phone records to the last 25 months. Agxplore has also proposed designating the records as "Attorneys' Eyes Only" until Agxplore's counsel reviews them. After Agxplore's counsel reviews the records, Agxplore would redact any irrelevant phone numbers and designate the remaining records as "Confidential" pursuant to the protective order entered in this matter.

Agxplore essentially admits that it is interested only in phone calls from the past 25 months between (1) Mr. Snider and defendant Shelley, and (2) Mr. Snider "Agxplore's customers and suppliers."[1]  Agxplore acknowledges that it may need to depose Mr. Snider, but it states that Snider's cell phone records are a reasonable and relevant starting point for Agxplore to discover what role, if any, Mr. Snider played vis-a-vis defendant Shelley's "improper activities."

Pursuant to Rule 26(b)(1), "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . ." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

As used in Rule 26, the term "relevant" is to be "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Like the notice-pleading system established by the Rules, "discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues." *Id.* Further, discovery is not limited to the merits of a case because a variety of fact-oriented issues may arise during litigation that are not related to the merits. *Id.*

Federal Rule of Civil Procedure 45 controls subpoenas.  That Rule specifically states that the Court must enforce a party's duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1).  Further, the Court may quash or modify a subpoena that "subjects a person to undue burden" or if it requires

---

[1]Agxplore does not limit the scope to Agxplore's customers and suppliers, but Agxplore does not suggest any other possible subjects that would be relevant to its case.

"disclosing a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 45(c)(3)(A)(iv) & (B)(I).

Here, Mr. Snider asks the Court to quash the subpoena because, he says, the subpoena is not limited as to time, subject matter, or to relevant telephone numbers to which calls were made or received. Snider says that if the subpoena is not quashed, Agxplore will be able to discover the identity (and phone numbers) of Snider's trade secrets and commercial information, namely, his manufacturers, vendors, suppliers, and customers. Snider says that, because he and Agxplore are direct competitors, such information would provide plaintiff with "highly valuable competitive information."

Snider suggests that Agxplore could provide Snider with a list of its customers' and suppliers' phone numbers. Plaintiff has not responded to that suggestion; however, the Court finds such a suggestion — particularly having been made by Snider — solves much of the dispute. Because Snider and Agxplore have been unable to resolve these issues themselves, the Court will order the following:

1. AT&T Mobility shall respond to the subpoena by producing the required documents, limited to the past 25 months, to counsel for Mr. Snider.

2. Plaintiff Agxplore shall furnish a list of "Relevant Names and Phone Numbers" to its attorney. Those relevant names may include customers, suppliers, or other individuals or entities related to the subject matter of this litigation.

3. Counsel for Agxplore will furnish the Relevant Names and Phone Numbers to counsel for Mr. Snider pursuant to an Attorneys' Eyes Only Designation.

    4.  Counsel for Mr. Snider shall redact from the responsive documents any phone numbers and phone call information unrelated to either defendant Shelley or to the list of Relevant Names and Phone Numbers.

    5.  Counsel for Mr. Snider shall furnish the redacted version of the records to counsel for plaintiff Agxplore.

    6.  Because it is possible that plaintiff will learn about additional relevant names and phone numbers through discovery during the course of this litigation, plaintiff may provide an updated list of Relevant Names and Phone Numbers to counsel for Mr. Snider through the discovery period and request that Snider update his response.

    Accordingly,

    **IT IS HEREBY ORDERED** that Keith Snider's Motion to Quash Subpoena (#19) is **DENIED** in part and **GRANTED** in part**.**

    **IT IS FURTHER ORDERED** that the parties are to proceed, on a schedule to be agreed upon by the parties, in accordance with the procedure set out in this Memorandum and Order.

Dated this   14th   day of August, 2012.

                                                   STEPHEN N. LIMBAUGH, JR.
                                                   UNITED STATES DISTRICT JUDGE